UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GONZALEZ, aka CHIEF BACON GONZALEZ, aka JUAN CUENCA, USMS #10141506,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>U.S. DISTRICT COURT (City of San Diego) SOUTHERN DISTRICT OF CALIFORNIA,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:24-cv-00605-AJB-BLM<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 2]** |

Plaintiff Raul Gonzalez, a pretrial detainee at GEO Western Region Detention Facility ("WRDF"), awaiting trial in *United States v. Gonzalez*, S.D. Cal. Criminal Case No. 3:23-cr-02473-CAB-1, and proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 26, 2023.[1] (*See* ECF No. 1, "Compl." at 3.) Plaintiff

---

[1] The Court takes judicial notice that Plaintiff is currently charged with attempted entry after deportation pursuant to 8 U.S.C. § 1326. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation and internal quotation marks omitted)). Plaintiff was arrested on November 6, 2023, and a trial date is currently set before the Honorable Cathy Ann Bencivengo for July 1, 2024. *See United States*

1

did not pay the civil filing fee, but instead submitted a Judicial Council of California Form FW-001 Request to Waive Court Fees, which the Court construes as a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## I.     MOTION TO PROCEED IFP

All parties filing any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). The case can proceed without fee payment only if the court finds the plaintiff sufficiently impoverished and grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners: under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners like Gonzalez must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately

---

*v. Gonzalez*, S.D. Cal. Criminal Case No. 3:23-cr-02473-CAB-1 (ECF Nos. 1, 32). Plaintiff *is* currently represented by counsel in his criminal case. *Id.* (ECF No, 23).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing at the time of filing, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Gonzalez's Motion to Proceed IFP fails to include a certified copy of his WRDF trust account records for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Without his certified trust account statements, the Court is unable to determine whether Gonzalez is eligible to proceed IFP and cannot fulfill its statutory obligation to assess whether an initial partial filing fee is required. *See* 28 U.S.C. § 1915(b)(1). For this reason, Gonzalez's Motion is denied.

## II. SCREENING PER 28 U.S.C. § 1915A

Even if the Court were to grant Gonzalez leave to correct his IFP deficiencies, however, his Complaint requires *sua sponte* screening and dismissal pursuant to 28 U.S.C. § 1915A(b). Section 1915A(a), also enacted as part of the PLRA, requires a preliminary review and dismissal of any complaint filed by a prisoner seeking redress from a governmental entity or officer if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1), (2); *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015).

///

"The standard for dismissal for prisoner claims at screening is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (citation omitted).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that '(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023), *cert. denied sub nom. Tulare v. Murguia*, 144 S. Ct. 553 (2024) (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011)).

Here, Gonzalez invokes 42 U.S.C. § 1983 as the basis for federal jurisdiction and he alleges, without any further explanation, violations of his rights to "due process," speedy trial, and "*Brady v. Maryland*." (*See* Compl. at 3.) But the sole named Defendant is the U.S. District Court for the Southern District of California, and he seeks both $10 million in damages and immediate release from federal pretrial custody based in part on his belief that he has been "misrepresented" by his appointed counsel in his currently pending criminal prosecution. (*Id.* at 5.)

Aside from Plaintiff's failure to explain how, when, or why his federal constitutional or statutory rights have been violated, a federal district court is not a "person" subject to suit under § 1983, and does not act under color of *state* law. *Ibrahim v. Dept. of Homeland Security*, 538 F.3d 1250, 1257 (9th Cir. 2008) (holding that § 1983 "only provides a remedy against persons acting under color of state law"); *Stafne v. Zilly*, 820 F. App'x 594, 595 (9th Cir. 2020) ("[F]ederal judicial defendants act[] pursuant to federal law, not state law."); *see also Baize v. United States District Court, Southern District of California*, No. 21-cv-01262-BAS-KSC, 2021 WL 4865517, at *2 (S.D. Cal. Oct. 19, 2021) (federal district court is not a "person" subject to suit under § 1983) ; *accord Taldeml v. U.S. Dist. Ct. for N. Dist. of California,* No. 23-CV-00477-HSG, 2023 WL 3236484, at *2 (N.D. Cal.

May 2, 2023). Therefore, Gonzalez's Complaint fails to state a claim upon which § 1983 relief can be granted and is subject to dismissal under § 1915A(b)(1) for this reason alone.

Moreover, to the extent Gonzalez seeks to challenge the validity of his continued pretrial detention and "request[s] to be released A.S.A.P.," *see* Compl. at 5, Section 1983 permits no such relief, even if he had named a proper state actor. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is [] considered [his] exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation marks and citation omitted); *see also Nettles v. Grounds*, 830 F.3d 922, 931 n.6 (9th Cir. 2016). Section 2241(c)(3) permits federal courts to grant relief to a pretrial detainee held "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3); *see also McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).[3] "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks and citation omitted).

Gonzalez makes only one arguable conditions of confinement claim: he alleges he is a Native American Indian and has been "deprived of [a] Spiritual Advisor" since his arrest in November 2023. *See* Compl. at 3. However, even if the Court were to liberally construe this claim as one brought pursuant to *Bivens v. Six Unknown Named Federal Bureau of Narcotic Agents*, 403 U.S. 388 (1971), the "federal analog" to a § 1983 action, *see Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006), and *assume* an implied damages remedy for First Amendment Free Exercise Clause violations could be extended to WRDF officials under *Bivens* after the Supreme Court's recent decision in *Egbert v. Boule*, 596 U.S. 482, 499 (2022) ("[T]here is no *Bivens* action for First Amendment retaliation."),

---

[3] *After* conviction and/or a direct appeal, "a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (internal citation omitted); *see also Nettles*, 830 F.3d at 931 n.6.

these claims are duplicative of others Gonzalez is already prosecuting in a separately-filed *Bivens* action currently pending before Judge Hayes. *See Gonzalez v. GEO Western Detention Facility, et al.*, S.D. Cal. Civil Case No. 3:24-cv-00257-WQH-AHG, ECF No. 1 at 3. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

For all these reasons, the Court finds Gonzalez's Complaint fails to state a claim upon which § 1983 relief can be granted and must be dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b)(1). Because Gonzalez could allege no further facts that might support a plausible claim for relief under § 1983, leave to amend is denied as futile. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend not required where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

### III. CONCLUSION

Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2) is **DENIED** and this civil action is **DISMISSED** *sua sponte* for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of the Court is **DIRECTED** to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED.**

Dated: May 30, 2024

Hon. Anthony J. Battaglia
United States District Judge